UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. SHIPLEY,<br><br>           Plaintiff,<br><br>      v.<br><br>ANISE ADAMS, et al.,<br><br>           Defendants. | No. 2:24-cv-00032-TLN-EFB (PC)<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF Nos. 2, 6.[1]  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] Plaintiff has also filed several motions for default judgment. ECF Nos. 8-10. Rule 55 of the Federal Rules of Civil Procedure requires the court clerk to enter default against a party who "has failed to plead or otherwise defend[.]"  As no defendant has yet been served (and thus has not had an opportunity to plead or otherwise defend against plaintiff's claims), there is no cause for default judgment.  Once plaintiff states a cognizable claim against any defendant, the court will direct service of the complaint.

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

2

678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.     Screening Order

Plaintiff alleges that he is qualified to receive compassionate release and that a Dr. Singh recommended him for such release. ECF No. 1. However, defendant doctors Adams and Malakkla refused to process the recommendation because of plaintiff's ethnicity and "ADA status." *Id.* Plaintiff does not include any facts in the complaint supporting his claims that defendants' conduct was motivated by his ethnicity or disability. Indeed, the complaint is remarkably lean on factual allegations.

To state a claim for discrimination under the Fourteenth Amendment's Equal Protection Clause, a prisoner must show that he was intentionally treated differently from other prisoners on account of his membership in a protected class. *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979). Plaintiff's complaint contains no factual allegations showing that defendants intentionally treated him differently based on his ethnicity.

To state a claim of disability discrimination under Title II of the Americans with Disabilities Act, a plaintiff must allege four elements: (1) that he is an individual with a disability (2) who was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) but was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity (4) by reason of the disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The complaint contains no factual allegations that would show that defendants conduct was motivated by his disability.

Leave to Amend. The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order. Should plaintiff opt to file an amended complaint, he should include enough facts to support the elements of each cause of action alleged; conclusory claims of discrimination unsupported by facts are not cognizable.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner.

Any amended complaint must not join unrelated claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### IV.  Summary of Order

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 6) is granted.
2. Plaintiff's motions for default judgment (ECF Nos 8-11) are denied.
3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
4. The complaint is dismissed with leave to file an amended complaint within 30 days of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

Dated: July 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE