UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. SHIPLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANISE ADAMS, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-00032-TLN-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On screening the original complaint, the court found that plaintiff had failed to state a claim and dismissed the complaint with leave to amend. ECF No. 12. Plaintiff has filed an amended complaint and a motion for default judgment. ECF Nos. 19, 21.

I. **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

1  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

2  **II.    Screening Order**

3  Plaintiff sues Anise Adams, Chief Medical Officer at California Health Care Facility –
Stockton ("CHCF") and N. Malakkla, Chief Physician and Surgeon at CHCF.  ECF No. 19.  The
entirety of his allegations is as follows:

> The compassionate release request written by CDCR Dr. Veera Singh on 10-3-23 was written based upon my not being able to do my "activities of daily living." Any argument given by CDCR based on me being diagnosed with a "malignant neoplasm of the right optic nerve OD" is therefore moot. As of the date of this writing, the "request for compassionate release" has not been processed and sent to the court for recall of sentence.

*Id.* at 3.

In screening the original complaint, the court informed plaintiff he had alleged insufficient facts to state a claim.  ECF No. 12.  The court provided plaintiff with the necessary legal elements to state a claim under the Americans with Disabilities Act and the Equal Protection Clause of the 14th Amendment (the two authorities cited by plaintiff in that pleading).  Plaintiff has again failed to state sufficient facts to state a viable federal claim.  He has not remedied the absence of necessary facts to state an ADA or equal protection claim, nor has he stated sufficient facts to state any other federal claim.  Indeed, the factual allegations are too sparse to comply with the basic pleading rules of Federal Rule of Civil Procedure 8.  A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Vague allegations that do not allege conduct of a specific, identifiable defendant cannot survive screening.

Despite notice of the deficiencies in his original complaint an opportunity to amend, plaintiff has not corrected the deficiencies in the amended complaint, indicating that further leave to amend would be futile.  *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

////

////

////

III. **Motion for Default Judgment**

Because plaintiff has not stated a claim, his motion for default judgment must be denied.

IV. **Conclusion and Recommendation**

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 21) be DENIED;
2. The amended complaint be dismissed without further leave to amend;
3. The Clerk of court be directed to terminate all pending motions and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

Dated: August 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4